UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLISON VALDEZ,

    Plaintiff,

v.                                                    CASE NO: 8:09-cv-2250-T-23TGW

T.A.S.O. PROPERTIES, INC., et al.,

    Defendants.
_____/

## **ORDER**

The plaintiffs sue their former employers for, among other claims, the recovery of overtime compensation due under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"). Because Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), requires the district court to approve the settlement of an FLSA claim, an April 23, 2010, order (Doc. 14) strikes the plaintiffs' notice of voluntary dismissal and directs the parties to move for approval of the settlement. The parties jointly move (Doc. 15) for approval of the settlement and state that the plaintiffs "acknowledge that discovery showed the amount of overtime owed to each Plaintiff was de minimus and the issue of unpaid overtime was no longer in dispute." The motion fails to comply with the April 23, 2010, order, which requires the parties to:

> (1) identify each party's estimate of the plaintiff's hourly wage and the number of unpaid hours worked (in other words, establish the range of the plaintiff's potential recovery) and (2) confirm that the attached agreement includes every term and condition of the parties' settlement (in other words, confirm the absence of any "side deal"). If the settlement involves a compromise (in other words, if the plaintiff either receives less than the full compensation claimed for unpaid wages, liquidated damages, and attorneys' fees or agrees to any term other than the release of his claim in exchange for full compensation, promptly paid), the parties must identify

> the bona fide dispute or disputes resolved by the compromise and state the reason for the compromise.

Furthermore, the settlement agreement contains a "confidentiality" agreement in which the plaintiffs promise to "maintain in strict confidence the existence of and the terms of this agreement and . . . not [to] disclose such terms or conditions to any person." The agreement further provides, "Should Plaintiffs breach or act in noncompliance with or in default of this agreement, all monies to be paid hereunder shall be returned to Defendants as liquidated damages, with interest at the annual rate of twelve percent (12%) from the date hereof, along with all costs, including attorneys' fees incurred by Defendants in recovering such monies in enforcing this agreement."

> A confidentiality agreement, if enforced, (1) empowers an employer to retaliate against an employee for exercising FLSA rights, (2) effects a judicial confiscation of the employee's right to be free from retaliation for asserting FLSA rights, and (3) transfers to the wronged employee a duty to pay his fellow employees for the FLSA wages unlawfully withheld by the employer. This unseemly prospect vividly displays the inherent impropriety of a confidentiality agreement in settlement of an FLSA dispute.

Dees v. Hydradry, Inc., __ F. Supp. 2d __, 2010 WL 1539813, at *9 (M.D. Fla. Apr. 19, 2010). Accordingly, the settlement agreement (Doc. 15-1) is **REJECTED**.[1] On or

---

[1] The settlement agreement further provides that "any breach of this agreement shall entitle the non-breaching party not only to damages, but also to injunctive relief to enjoin the actions of the breaching party, as well as attorneys' fees and costs." To the extent paragraph twelve of the agreement includes a "non-disparagement" provision, the settlement agreement apparently contemplates a judicially imposed "prior restraint" in violation of the First Amendment. See Tory v. Cochran, 544 U.S. 734, 738 (2005); e360 Insight v. The Spamhaus Project, Ltd., 500 F.3d 594, 605 (noting the "sensitive First Amendment issues presented in the context of permanent injunctions in defamation actions"); Metropolitan Opera Ass'n, Inc. v. Local 100, Hotel Employees & Rest. Employees Int'l Union, 239 F.3d 172, 177 (2d Cir. 2001) ("[F]or almost a century the Second Circuit has subscribed to the majority view that, absent extraordinary circumstances, injunctions should not ordinarily issue in defamation cases."); Erwin Chemerinsky, Injunctions in Defamation Cases, 57 Syracuse L. Rev. 157 (2007) (arguing that permanent injunctive relief should never be available as a remedy in a defamation action). But see Balboa Island Vill. Inn, Inc. v. Lemen, 156 P.3d 339 (Cal. 2007) (concluding that an injunction prohibiting speech already found defamatory by the trial court was not an invalid prior restraint but holding that the injunction was overbroad). The parties identify no extraordinary circumstance warranting enjoining "disparaging remarks" in this case.

before **May 7, 2010**, the parties may move for approval of an amended settlement agreement.

ORDERED in Tampa, Florida, on April 28, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE